IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Arnold Ray Banks, | ) | C/A No.: 1:22-3003-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER AND NOTICE |
| Steve Mueller, Sheriff of Cherokee | ) | |
| County Detention Center and Jane | ) | |
| Doe, Medical Director, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Arnold Ray Banks ("Plaintiff"), proceeding pro se, filed this complaint alleging violations of his constitutional rights related to his incarceration at the Cherokee County Detention Center ("CCDC"). He sues Sheriff Steve Mueller and Medical Director Jane Doe ("Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff alleges he was transported from CCDC to the South Carolina Department of Corrections ("SCDC") with an inmate who was positive for COVID. [ECF No. 1 at 5]. He alleges Nurse Lydia knew the inmate was positive for COVID and nevertheless let him be transported in a small van with

Plaintiff and other inmates. *Id.* at 11. The inmates were tested when they arrived to the SCDC facility and were alerted they had been exposed to a COVID-positive inmate. *Id.* As a result he was locked down by SCDC with COVID-positive inmates. *Id.*

## II.    Discussion

### A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v.*

2

*City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.    Analysis

1.    Insufficient Allegations

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although

3

the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 56 U.S. at 678–79.

Plaintiff alleges he was exposed to COVID and was subsequently placed on lockdown. However, Plaintiff does not alleged he ever tested positive for COVID. Plaintiff's allegations do not rise to state a claim of a constitutional magnitude. *Bolick v. Thompson*, No. 5:20-CV-03119-RBH, 2021 WL 1220826, at *2 (D.S.C. Apr. 1, 2021) (plaintiff failed to state a claim as to handling of Covid-19 conditions without resulting physical injury from conditions of confinement). To the extent Plaintiff alleges he was injured by placement on lockdown, his claims also fail. Plaintiff does not have a constitutionally recognized liberty interest in a particular security classification or custody placement. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *see Olim v. Wakinekona*, 461 U.S. 238, 245–48 (1983).

2.    No Supervisory Liability

Plaintiff's complaint contains no factual allegations against Defendants personally.  To the extent Plaintiff has sued Defendants in their supervisory capacities, he has failed to state a claim under § 1983. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Plaintiff does not alleged Defendants are responsible for, or even aware of, the issue of which he complains. Therefore, Defendants are subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **October 3, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed with prejudice and without leave for further amendment.

IT IS SO ORDERED.

September 12, 2022                          Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge